## KNOX COUNTY TUBERCULOSIS SANITARIUM, INC., v. HARRISON MOSS.

Eastern Section.   June 25, 1927.

No petition for Certiorari was filed.

1. **Corporations. A corporation may go behind its charter and show that it is not being operated for profit.**

Where the original charter of a tuberculosis sanitarium was issued to certain doctors to operate for profit, and later they abandoned the hospital

and it was taken over and used exclusively for charitable purposes, held that the charter was not binding and the hospital might show that it was a charitable institution.

2. **Negligence.** Purely charitable institutions are immune from liability growing out of their negligent acts.

Purely charitable organizations in the State of Tennessee are given immunity from liability growing out of their negligent acts upon the trust fund theory which is a well established doctrine in this State.

3. **Negligence. Evidence.** Evidence held to show defendant not liable for plaintiff's damages because it was a charitable institution.

In an action to recover damages from a hospital for injuries received while riding on one of the trucks belonging to the hospital where it was shown that the hospital was a purely charitable organization held that the action would not lie on account of the hospital being a purely charitable institution.

Appeal in Error from Circuit Court, Knox County; Hon. A. C. Grimm, Judge.

Reversed and dismissed.

Roy M. Stansberry, and Lindsay, Young & Young, of Knoxville, for plaintiff in error.

M. E. Hartman, of Knoxville, for defendant in error.

PORTRUM, J. This action grew out of an automobile accident, wherein the plaintiff below was injured while a guest of the Knox County Tuberculosis Sanitarium, and while riding on its truck. There is not any question made in this record but what Harrison Moss was in fact the guest of this institution, and there is no question made but what he was injured while riding as a companion of the driver of the truck belonging to the institution, which was being run from the hospital to the car line for the purpose of transporting inmates and patients of the institution. It does not appear clearly whether the guest asked to ride in the truck, or the driver asked him to ride with him, but, as stated, there is no question raised but what the institution was entertaining this guest upon its truck while he was engaged in conversation with the driver.

The institution does assign error to the judgment against it for $175, on the ground that there is no evidence to support the verdict, for the reason that it is a charitable institution, as defined under the laws of this State, and that its property and funds represent a trust fund to be administered solely on behalf of the indigent tubercular patients. It is shown that this trust is administered solely for the benefit of so-called charity patients; and the claim that in the past, at one time, it may have collected from a patient through his lodge a fee, yet this fee was devoted to the purpose for which the institution is run. It is shown that the institution is supported in the following manner: That for the pres-

ent fiscal year Knox county donates $20,000, the City of Knoxville donates a like sum of $20,000, and the institution is budgeted for $13,000 in the Community Chest, which is a philanthropic organization that raises funds for charitable organizations in the City of Knoxville.

Now, from the undisputed proof in this record, it is shown that any judgment must be paid out of these voluntary donations, which were made for the purpose of charity. But it is claimed by the plaintiff that the defendant cannot show itself to be a charitable institution, for the reason that the charter under which it operates is a charter for a hospital operated for profit. The facts as shown, are that several years ago certain doctors organized the corporation for personal profit, but abandoned the charter, and later the charter was used as a vehicle for the establishment and carrying out of this charity. We do not think the charter is itself conclusive, but that the parties may go behind the charter and show as a fact that it property is being used exclusively for charitable purposes, and even though the charter in fact be void, yet the parties would then be acting as a nonincorporated association, and the fact may be shown; then if it appears the institution is a charitable institution it is to be governed by the rules governing charitable institutions.

Charities in this State are given immunity from liability growing out of their negligent acts upon the trust fund theory, which is a doctrine well established in this State. And when it is shown that all of the property is being devoted for strictly charitable purposes, and especially when the support of the institution is derived from free donations, then it is the policy of the law to grant immunity, for otherwise, the City of Knoxville, nor Knox county, and we might add the Community Chest, would not donate funds to pay judgments granted guests who climb the institution's trucks while being driven by paid drivers. Central Hospital v. Adams, 134 Tenn., 429, 183 S. W., 1032; Gamble v. Vanderbilt University, 138 Tenn., 616, 200 S. W. 510.

The defendant in error must recognize the rule, for he advances as a reason why this judgment should not be reversed, that it appears, somewhere, the officers of the institution had liability insurance, and, therefore, the institution would be out nothing, and the judgment should be sustained. If we should do this, we could not give as a reason that the institution had insurance and the result would be that all charitable institutions would be compelled to carry liability insurance, or otherwise judgments would be rendered against them in automobile cases. We do not think this is a good reason.

Another reason assigned is, that the judgment should be affirmed in order to permit the defendant in error to collect it out of the property not used for charitable purposes. The evidence in this case shows that there is no property that is not used for charitable purposes. There is no pleading alleging that the automobile was being operated in violation of the Acts of 1905, chapter 173, as amended, prohibiting automobiles from running more than thirty miles an hour, nor that the injury was a willful act on the part of the hospital; therefore, the defendant in error can have no lien upon the car in question.

Since the judgment in this case, if collected, will have to be collected out of a trust fund, then there is no warrant for a judgment, and the judgment of the lower court is reversed and the case dismissed at the cost of the defendant in error.

Snodgrass and Thompson, JJ., concur.