McLeod *v.* St. Thomas Hospital.

(*Nashville,* December Term, 1935.)

Opinion filed July 3, 1936.

Cornelius, McKinney & Gilbert, of Nashville, for plaintiff in error.

Trabue, Hume & Armistead, of Nashville, for defendant in error.

Mr. Special Justice Davis delivered the opinion of the Court.

This is a suit for damages for personal injuries, the plaintiff alleging that on leaving the defendant hospital, after a visit to her husband, who was a patient therein, she fell and fractured her left wrist and hip. It is alleged that the cause of the fall and injury was a floor of white tile construction, and that it was wet and slippery by reason of its construction, and that some foreign substance was on the floor. The declaration fairly alleges such condition of the floor to have been the result of the acts of the defendant corporation itself, and such condition is not alleged to have been the result of any negligence upon the part of any agent or servant of the defendant.

The defendant first filed a plea of not guilty, and later filed a special plea alleging contributory negligence of the plaintiff, and another special plea by which it is averred that the defendant is a charitable institution, incorporated for purely charitable purposes, and that all the property owned by it, and all income therefrom, is used for the general welfare and charitable purposes, and not for profit, and that such assets constitute a

trust fund which cannot be appropriated to satisfy a liability for tort, and that the defendant is exempt from such liability by reason of its charitable corporation and purposes.

The defendant filed another special plea, alleging that plaintiff impliedly waived all claim for injuries, and assumed the risk of the injury because defendant is a charitable institution.

To the special plea of exemption on the ground of being a charitable institution, plaintiff filed a replication, in which she admits that the defendant is a charitable institution, and its assets constitute a trust fund which cannot be appropriated to satisfy damages recovered for defendant's tort, but alleging that in fact defendant has a liability insurance policy, specifically described, and it is alleged that by reason thereof, the recovery to which plaintiff is entitled will be paid by the insurance company, and therefore no assets of the defendant, which constitute a trust fund, will be appropriated to the satisfaction of the recovery to be had by the plaintiff.

A further replication filed by plaintiff avers that her husband was not a charity patient of defendant, but that he entered the institution under a contract to pay for the services rendered.

To these replications the defendant filed a rejoinder in the nature of a demurrer, setting up, in effect, that the insurance policy carried by it is one to indemnify the defendant against loss in case of liability imposed upon defendant by law; that the plaintiff has no interest in such policy, and the fact that the defendant procured such a policy did not result in a change of the law which exempts this charitable institution from

liability for a tort of the nature set out in the declaration.

The trial court, upon a consideration of the pleas, was of opinion that the existence of the insurance policy did not render the defendant liable in any case where it is not otherwise liable for its negligence, and that in view of the admissions in the replication already referred to, the demurrer to the replication should be sustained, and such was the judgment of the trial judge, and plaintiff's suit was dismissed. It is apparent that the only question on which the trial court acted, and dismissed the suit, was that the defendant was not liable to an action in tort, as set out in the declaration, and that the policy of liability insurance did not change the rule. Plaintiff has appealed and assigned the action of the trial court as error.

■ There is much debate upon the effect to be given to the fact that defendant has a policy of liability insurance. The policy is in the record. It is an ordinary liability policy, on which no right of action exists in the plaintiff, and no liability attaches to the insurance company, except on claims for damages imposed by law upon the defendant, for an accident resulting in injury or death, within the amount of liability fixed in the policy, and subject to its conditions. The insurer's liability. is "for all claims for damages imposed by law" upon defendant for injury to or death of persons within or upon defendant's premises, etc. It is such policy as has been construed in *Gray* v. *Houck,* 167 Tenn., 233, 68 S. W. (2d), 117, and *Associated Ind. Corp.* v. *McAlexander,* 168 Tenn., 424, 79 S. W. (2d), 556, to be an obligation upon the part of the insurer to pay such obligation as the law may impose upon the insured, under the terms of the policy. We think the fact that the defendant ob-

tained and carried this liability insurance gives the plaintiff no additional right, and imposes no other obligation upon the defendant.

It has been held, in a number of cases, that the rule of nonliability of a charitable institution is not changed by reason of the fact that such institution has obtained liability insurance for its protection against liabilities which the law imposes upon it. *Simons* v. *Gregory,* 120 Ky., 116, 85 S. W., 751; *Williams' Adm'x* v. *Church Home,* 223 Ky., 355, 3 S. W. (2d), 753, 62 A. L. R., 721; *Levy* v. *Superior Court,* 74 Cal. App., 171, 239 P., 1100, 1101, an opinion by a District Court of Appeals of California; *Mississippi Baptist Hospital* v. *Moore,* 156 Miss., 676, 126 So., 465, 67 A. L. R., 1106; *Knox County Tuberculosis Sanitarium, Inc.,* v. *Moss,* 5 Tenn. App., 589.

 While it appears that the plaintiff's husband was a paying patient in defendant hospital, and not a recipient of charity, yet we are unable to see that this fact has any bearing upon the liability, if any, to the plaintiff, since the injuries complained of did not grow out of any treatment to the patient, but resulted from injuries sustained upon a visit voluntarily made by the plaintiff. This court has heretofore said that the exemption extended a charitable institution, for a tort is not changed by reason of the fact that a patient pays for services. *Wallwork* v. *City of Nashville,* 147 Tenn., 681, 251 S. W., 775.

The determinative question in the case, after all, is whether the plaintiff shall be allowed to determine defendant's alleged liability for a tort, or whether, by reason of the fact that defendant is a charitable institution, it is wholly exempt from liability in a case of this character.

The defendant relies upon the general rule, heretofore adopted in this state, that a tort action cannot be maintained against a charitable institution, because, as insisted by defendant, the result would be to appropriate its trust property to the satisfaction of the judgment obtained.

The rule of exemption of such institution is by no means of universal application. A very good opinion, setting out the various grounds on which courts have placed the immunity of such institutions, and indicating the dissatisfaction of courts with the rule, will be found in *Geiger* v. *Simpson Methodist-Episcopal Church*, 174 Minn., 389, 219 N. W., 463, 62 A. L. R., 716, a Minnesota case. That state holds charitable institutions liable for their negligence, as are other corporations.

The leading case in this state, on the question, is *Abston* v. *Waldon Academy*, 118 Tenn., 24, 102 S. W., 351, 11 L. R. A. (N. S.), 1179, in which the broad rule is laid down that a tort action cannot be maintained against a charitable institution, where, if so, the trust property must be appropriated to the satisfaction of such liability.

This rule, while followed to some extent, is severely criticized in *Love* v. *Nashville Agricultural and Normal Institute*, 146 Tenn., 550, 243 S. W., 304, 23 A. L. R., 887. That opinion points out also that the rule, if carried to its logical conclusion, would permit of no exception. It is there observed also that the weight of authority is that the doctrine does not apply in case of liability to a stranger to the trust, and it is said that all our cases, where liability has been denied, were cases where damages resulted to a beneficiary of the trust. The *Love Case* does make an exception to the rule, and

permitted a recovery against a charitable institution for a nuisance—the pollution of a spring.

In *Gamble* v. *Vanderbilt University,* 138 Tenn., 616, 200 S. W., 510, L. R. A., 1918C, 875, a recovery was permitted against a charitable and educational institution for a tort committed by a servant or agent of the charity. It is true that the *Vanderbilt University Case* disclosed that the charity had an income from the rents and profits of a building used as an office building. The opinion attempts to protect the trust funds of the institution from liability resulting from the tort. When it is recognized, however, that all income of a charitable or educational institution may be said, in a broad sense, to be income derived from the use of trust funds, and that such income itself is devoted to charitable uses, it is difficult to see that when the income from the office building was taken, or permitted to be taken, to satisfy a liability for tort, the trust funds themselves were not encroached upon. And be this as it may, and whatever may be the reasons on which the court rested its conclusion in the *Vanderbilt University Case,* the fact remains that the court recognized that institution's liability for a tort, committed by its servant.

Upon consideration of the cases dealing with the question, and reflecting upon the true principle involved, we think it fairly may be said that the exemption and protection afforded to a charitable institution is not immunity from suit, not nonliability for a tort, but that the protection actually given is to the trust funds themselves. It is a recognition that such funds cannot be seized upon by execution, nor appropriated to the satisfaction of a tort liability. And certainly it is no

defense to a tort action, that the defendant has no property subject to execution.

It must be true, as a general rule, that those who enter the grounds and premises of charitable institutions have no special knowledge that such institutions are not liable for dangerous conditions therein or thereupon existing. We all know that many of such institutions acquire very extensive properties, and that their activities cover a wide field; the patients admitted thereto, who pay for services, pay full fees, and to all intents and purposes they are competing with private institutions of like character. They touch the public in many respects, and under present conditions, it does not seem fair to say that such institutions shall be absolutely exempt from suit for injuries sustained by one who is not a beneficiary of the trust, but who is injured through the wrong of the institution.

 Under this view, defendant's plea of exemption because it is a charitable institution was not a sufficient defense, and plaintiff's replication thereto, and defendant's demurrer to said replication, did not satisfactorily meet the issue, and all should have been overruled, and the case tried upon its merits.

Accordingly, the judgment of the trial court is reversed and the case is remanded for trial upon the merits. The costs of the appeal will be paid by the defendant.