(No. 24838.— )

GERTRUDE M. SCHULER, Appellant, *vs.* THE BOARD OF EDUCATION OF OAK PARK and RIVER FOREST TOWNSHIP HIGH SCHOOL DISTRICT No. 200 *et al.* Appellees.

*Opinion filed December 15, 1938.*

Wilson, J., dissenting.

E. A. Ribal, and C. O. Rundall, (T. N. Stensland, of counsel,) for appellant.

Mr. Justice Orr delivered the opinion of the court:

Gertrude M. Schuler, a resident of Oak Park and River Forest High School District No. 200, filed her complaint in the superior court of Cook county in behalf of herself and other taxpayers of the district, praying for a permanent injunction to restrain the board of education of the district and its members from proceeding with the further negotiation, execution and performance of a certain proposed contract with the Oak Park Junior College, a private educational corporation, located in the district. The trial court dismissed the complaint for want of equity and Gertrude Schuler appeals directly to this court because a constitutional question is involved.

In May, 1937, the legislature passed an act permitting certain school districts, of which the Oak Park and River Forest High School District No. 200 is one, to establish public junior colleges. (Ill. Rev. Stat. 1937, chap. 122,

par. 99.1.) In October, 1937, a majority of the high school board adopted a resolution proposing to enter into a contract with the Oak Park Junior College, the ostensible purpose of which was to supply the board with facts necessary to determine the advisability of establishing a public junior college in the district. By the terms of the proposed contract the board agreed to purchase from the junior college its library of 3956 books for the sum of $4500. This library was to remain in possession of the junior college until July 1, 1938, and the high school district was also to purchase $3500 worth of laboratory equipment for the purpose of lending same to the junior college. Both the library and the laboratory equipment were to be jointly available for the use of students of the public high school and the private junior college. In consideration of these loans and purchases the Oak Park Junior College agreed to coöperate with the high school board in the development of information and facts which might aid in determining whether a public junior college should be established in Oak Park.

Without considering whether the legislature vested appellees with implied authority to appropriate public funds to defray the expense of an independent investigation to determine whether a public junior college should be established, we believe the proposed contract is illegal because it contravenes section 20 of article 4, and separate section 2, of our State constitution. Section 20 of article 4 provides: "The State shall never pay, assume or become responsible for the debts or liabilities of, or in any manner give, loan or extend its credit to or in aid of any public or other corporation, association or individual." The language of this section is an expression of a well-settled rule in American jurisprudence that public money cannot be taken for or applied to a private purpose. We have expressly decided that the application of tax-money for other than public purposes is a deprivation of property without due process of law. (*Robbins* v. *Kadyk,* 312 Ill. 290). As the State does not have power to lend its

financial aid to private undertakings, it necessarily follows that the legislature cannot grant to a school board, one of its own creations, a power broader than that which the State itself possesses. Boards of education merely exercise the function of the State in maintaining public schools and can possess no greater power or discretion than the State, in its sovereign capacity, can confer upon them. *Adams* v. *Brenan,* 177 Ill. 194; *Peers* v. *Board of Education,* 72 id. 508; *Clark* v. *School Directors,* 78 id. 474; *Stevenson* v. *School Directors,* 87 id. 255.

Separate section 2 of our constitution in part provides: "No county, city, town, township or other municipality, shall ever become subscriber to the capital stock of any railroad or private corporation, or make donation to or loan its credit in aid of such corporation," etc. A school board is a municipal corporation and by this section is clearly denied the right of loaning its credit in aid of any private corporation. This section was interpreted and applied by us in *Washingtonian Home* v. *City of Chicago,* 157 Ill. 414, and *Murphy* v. *Dever,* 320 id. 186. The question is not one of economy, expediency, public benefit or community desire; it is one of power.

A copy of the written contract was attached to the bill of complaint. Its terms are not in dispute—in fact they have been admitted. The school board filed a motion to dismiss the complaint, and all facts well pleaded therein must be taken as admitted. (*Canal Comrs.* v. *Village of East Peoria,* 179 Ill. 214; *People* v. *Holten,* 259 id. 219.) The admitted fact that the private junior college, under the contract, agreed to furnish some information to the school board, and the further fact that the school board might at some future time remove the library and laboratory equipment from the private college buildings, show the transaction contemplated a loan of public credit and property contrary to the above mentioned constitutional provisions. No power existed in the high school board to make

a contract with a private corporation for joint use of its library and equipment, and the superior court erred in dismissing the bill of complaint.

Under the facts alleged and admitted, plaintiff is entitled to a permanent injunction, as prayed, restraining the board of education from proceeding with further negotiations, execution and performance of the contract in question. The decree is reversed and the cause is remanded, with direction to award a permanent injunction.

*Reversed and remanded, with directions.*

WILSON, J., dissenting.