ANDERSON *v.* ARMSTRONG *et al.*

(*Nashville,* December Term, 1942.)

Opinion filed May 29, 1943.

W. S. Faulkner, of Lebanon, for plaintiff in error.

Walker & Hooker, of Nashville, and S. B. Gilreath, of Lebanon, for defendant in error.

Mr. Justice DeHaven delivered the opinion of the Court.

The question presented is whether a judgment in a tort action will be permitted to be entered against an organization administering a charitable trust when it does not appear there is property not used exclusively in the business of the trust out of which the judgment can be satisfied.

This case is before the court on the petition for *certiorari* to the Court of Appeals filed by Bernarr Mac-

58

Fadden Foundation, Inc., a charitable corporation engaged in conducting a school for boys near Lebanon, Tennessee, known as Castle Heights Military Academy.

The action is one to recover damages for personal injuries sustained by plaintiff as the result of defendant's alleged negligence in permitting certain horses, kept and used by defendant in training the students, to run un-. attended upon the public highway. It is alleged that one of these horses, in the night time, ran into plaintiff's automobile, which she was driving, causing the wreck of the automobile and serious personal injuries to herself.

The trial judge sustained defendant's motion for a directed verdict and dismissed the suit. On plaintiff's appeal in error the Court of Appeals reversed the judgment of the trial court and remanded the case for a trial on its merits.

It is contended by petitioner that the claim of plaintiff cannot be reduced to judgment since it is a charitable organization and owns no property not directly and exclusively used in the operation of the trust, or any property subject to taxation.

It is perfectly true that the property of a charitable trust used exclusively for carrying out thereupon one or more of such charitable purposes is immune from execution under judgment for tort; but property not so used, is subject to such judgment. *Baptist Memorial Hospital* v. *Couillens,* 176 Tenn., 300, 140 S. W. (2d), 1088; *McLeod* v. *St. Thomas Hospital,* 170 Tenn., 423, 95 S. W. (2d), 917; *Gamble* v. *Vanderbilt University,* 138 Tenn., 616, 200 S. W., 510, L. R. A. 1918C, 875; *Hammond Post No. 3, American Legion* v. *Willis* (Tenn. Sup.), 165 S. W. (2d), 78; *Vanderbilt University* v. *Henderson,* 23 Tenn. App., 135, 127 S. W. (2d), 284, (*certiorari* denied). In all of these cases, it appears that the charity was

either possessed of property subject to execution on a judgment in tort, or was carrying insurance protecting against such executions.

■ The protection afforded a charitable organization is not immunity from suit in tort, but is one extended to the trust property itself from execution under a judgment in tort. In *McLeod* v. *St. Thomas Hospital, supra* [170 Tenn., 423, 95 S. W. (2d), 919], the court said:

"Upon consideration of the cases dealing with the question, and reflecting upon the true principle involved, we think it fairly may be said that the exemption and protection afforded to a charitable institution is not immunity from suit, not nonliability for a tort, but that the protection actually given is to the trust funds themselves. It is a recognition that such funds cannot be seized upon by execution, nor appropriated to the satisfaction of a tort liability."

■ The contention that judgment cannot be pronounced against a charitable organization in an action in tort unless it be first shown that it is presently possessed of property not directly and exclusively used in the operation of the trust is without foundation in reason on which to rest. For, if it be not so presently possessed of property subject to the satisfaction of the judgment, it may thereafter be so possessed. A judgment is good in Tennessee for ten years, and may be revived successively for additional ten-year periods. Actions for personal injuries are barred in one year. To dismiss an action for personal injuries because it was not made to appear that at that time the organization was possessed of property subject to the satisfaction of a judgment in such an action, would be to ignore the possibility that the organization might in the future become possessed

of property out of which satisfaction of such judgment could be had.

In this State, the rule of immunity extended to charitable organizations extends no further than the protection of its property directly and exclusively used in conducting the work of the charity. *Baptist Memorial Hospital* v. *Couillens, supra,* in which case it was held that property of a charity not exempt from taxation is not exempt from liability for torts. Not only may the defendant in the instant case hereafter acquire property not exempt from liability for tort, but it may change the *status* of some portions of its properties, by lease or otherwise, so as to make it liable to taxation and for tort. No one can say what the future may bring forth. To dismiss plaintiff's suit because defendant is not presently possessed of property subject to execution, would be contrary to reason and justice.

Under our constitution and statutes various exemptions from execution are accorded. It has never been suggested that before judgment could be pronounced in a tort action it is necessary to show that the defendant is possessed of non-exempt property out of which execution under the judgment could be satisfied.

The view that modern conditions do not justify that charities receive special legal exemptions is increasing. 16 Tennessee Law Review, 188. The court in *Baptist Memorial Hospital* v. *Couillens, supra* [140 S. W. (2d), 1092], expressed the opinion that Chapter 47, Public Acts 1935 (Michie's Code, sec. 1085(2)), limiting and restricting the exemption of educational and charitable institutions from taxation, was enacted "obviously in response to a growing public sentiment against abuse of our [tax] exemptions."

■ The trust fund doctrine cannot properly be extended to grant charitable institutions immunity from suit in actions of tort. This is true because the property of the trust used directly and exclusively for trust purposes cannot be seized on execution on a judgment for tort, and, thus the trust property is granted full protection.

■ Should plaintiff recover judgment on the trial of this case on its merits, the judgment will be restricted in its scope so that execution thereunder can only be levied on property of defendant not directly and exclusively used in the work of the trust, that is property subject to taxation.

Other questions made by the assignments of error have been considered and found to be without merit. *Certiorari* denied.