GRISSOM et al. v. TOWN OF McMINNVILLE.—213 S. W. (2d) 811.

Middle Section. June 26, 1948.

Petition for Certiorari denied by Supreme Court, October 16, 1948.

C. E. Haston and Frank Davenport, both of McMinnville, for plaintiffs in error.

Ernest N. Haston and Thomas O. H. Smith, both of Nashville, for defendant in error.

HOWELL, J. In this case the plaintiffs Robert Grissom and his wife sued the Town of McMinnville and the members of the Power Board which operates the Electri-

cal System of the Town of McMinnville for the loss by fire of two buildings located in the Town of Campaign in Warren County. The suit was dismissed as to the Board Members and there was a verdict of the jury in favor of plaintiffs for $6,000.00. The defendant Town of McMinnville has appealed in error to this Court and assigns as error that there is no evidence to support the verdict and that the trial Judge erred in not granting a motion by the defendant for a directed verdict in its favor.

The first court of the declaration alleges that the defendant was negligent in not performing its duty as to the maintenance of the poles and wires serving the property of the plaintiffs and that ''as the direct and proximate results of such negligence that the wires running from the pole to plaintiffs' store building, both of which were the property of defendants and under their control, had become uninsulated due to the insulation falling off, and sagging and swaying so that said wires came together and in contact with the tin roof over the porch to said store building making sparks which caught the frame store building fire, and said pole falling, causing a great conflagration in the burning of the two frame buildings and contents.''

The second count alleges ''that they had called the defendants over the telephone at their place of business in McMinnville and also informed one of the defendants agents or servants while at plaintiffs property that the pole, located on a corner and the last one used before the wires reached plaintiffs store building was practically standing on top of the ground, also that the wires leading from said pole to plaintiffs store building were without insulation, that said wires were too slack and seemed to sway and sag, and that notwithstanding this notice

defendants allowed these conditions to remain and as the direct and proximate results of this carelessness and negligence, on or about 24 of December 1945, plaintiffs store building caught afire from a spark coming from said wires and the pole mentioned above fell and the dwelling house burned and the contents of both buildings burned, resulting in great financial loss in this respect and the loss of a business which had been built and established over a period of years."

The defendant pleaded not guilty.

In this case there was evidence upon which the jury could have based its verdict that electricity was furnished to the buildings of the plaintiffs through wires supported by poles all belonging to the defendant, that the store building caught on fire on the night of December 24, 1945 at a point where the electric wires entered the building, that the wires were not properly insulated, that the last pole from which the wires were strung to the building was restng on top of the ground and in bad condition, that the wires from this pole were sagging and the pole was leaning so that these wires were resting on the tin roof of the building, and that two flashes were seen shortly before the fire was discovered and lights were dimmed. There was evidence that these conditions could have caused the fire and that the defendant had been notified on more than one occasion of the dangerous and defective condition existing and had failed to remedy it.

The case is very similar to the recent case of Havron v. Sequachee Valley Electric Coop. decided by this Court and reported in 204 S. W. (2d) 823, in which we fully discussed the applicable law. In that case the Court held that the evidence presented a question for the jury as to whether the negligence of the defendant in not properly installing and maintaining the wiring to the build-

ing of the plaintiff and in not correcting trouble when called to its attention was the cause of the fire. The rules of law as to presumptions and circumstantial evidence are also discussed in that case.

In this case it was for the jury to consider just how the fire started and whether or not it was caused by the defective condition of the wires and pole of the defendant.

We therefore find that the trial Judge properly submitted the case to the jury.

The assignments of error are overruled and the judgment of the Circuit Court is affirmed.

A judgment will be entered here in favor of the plaintiffs and against the defendant Town of McMinnville for $6,000.00 and interest from the date of the judgment in the Circuit Court.

The defendants will pay the costs.

Felts and Hickerson, JJ., concur.