**EDWARDS et al.**
v.
**KINGS MOUNTAIN MEMORIAL HOSPITAL ASSN.**
No. 889.

United States District Court,
E. D. Tennessee, N. E. D.

Feb. 8, 1954.

Wilson & Worley, Kingsport, Tenn., for plaintiffs.

S. J. Milligan, Greeneville, Tenn., Wm. H. Woodward, Jones, Woodward & Miles, Bristol, Va., for defendant.

ROBERT L. TAYLOR, District Judge.

This is a suit by Anna Mae Edwards to collect the sum of $100,000 damages by reason of personal injuries sustained by her due to the alleged negligence of the employees of the defendant, Kings Mountain Memorial Hospital of Bristol, Virginia. The husband of Mrs. Edwards, Bert Edwards, sues the same defendant and asks for a judgment in the amount of $125,000 for loss of services, hospital and other expenses, resulting from the injuries to his wife.

The hospital has moved to strike paragraph No. 5 of the Complaint. That paragraph alleges in substance that defendant is a charitable corporation and uses a part of its assets in the performance of charitable functions, and that that part which is used in the performance of charitable functions is not available to satisfy claims arising out of tort actions.

It is likewise alleged in this paragraph that the defendant at the time of the injuries referred to in the complaint carried a policy of comprehensive liability insurance issued by Aetna Casualty and Surety Company to satisfy claims or judgments in tort arising out of the negligence of defendant's agents and servants, and that the Casualty Company, as insurer, is liable under the policy to satisfy plaintiffs' claims in this suit.

Defendant asks the Court to strike paragraph 5 of the Complaint on the ground that the allegations therein are irrelevant, immaterial, and prejudicial. The question is therefore presented whether it is proper for plaintiffs to allege that the defendant, which is an eleemosynary institution with trust property which cannot be levied upon to satisfy a judgment for negligence, carries comprehensive liability insurance out of which a judgment can be collected.

█ It is a settled rule of law that motions to strike are not favored and should not be sustained if the Court is in doubt. The courts are reluctant to strike allegations in the complaint unless it is clearly shown that they have no bearing on the issues in the lawsuit. These rules are restated and reaffirmed in the recent case of Whalen v. Phoenix Indemnity Co., D.C.W.D.La., 1953, 15 F.R.D. 42.

█ It has long been the rule in this state that evidence is not admissible in the presence of a jury to show that a defendant is insured against the liability sought to be established against him in the suit. See, Williams v. Town of Morristown, 32 Tenn.App. 274, 222 S.W. 2d 607, and cases there cited.

The court in the Williams case made an exception to the long recognized rule. That exception applies where a governmental agency pleads immunity to suit to recover on a tort claim but carries insurance to protect it against liability in tort actions. The court stated in substance that where a governmental agency is sued in tort and pleads immunity from suit, it is proper for the plaintiff to plead and prove that the governmental agency carries indemnity insurance.

That exception to the general rule was followed by this Court in the recent case of Bailey v. City of Knoxville, D. C., 113 F.Supp. 3.

Is the rule just stated applicable to a suit against an eleemosynary institution to recover for a tort alleged to have

been committed by its servants and agents?

It is well settled in this state, as counsel have agreed, that property strictly in the nature of a charity fund is not subject to levy to satisfy a claim arising out of tort.

It is also well settled in this state that eleemosynary institutions of the character of defendant have no such immunity as that enjoyed by the sovereign, but are subject to suit for the torts of their servants and agents.

In McLeod v. St. Thomas Hospital, 170 Tenn. 423, at page 429, 95 S.W.2d 917, at page 919, the court stated in part:

"And be this as it may, and whatever may be the reasons on which the court rested its conclusion in the Vanderbilt University Case [Gamble v. Vanderbilt University, 138 Tenn. 616, 200 S.W. 510, L.R.A.1918C, 875], the fact remains that the court recognized that institution's liability for a tort, committed by its servant.

"Upon consideration of the cases dealing with the question and reflecting upon the true principle involved, we think it fairly may be said that the exemption and protection afforded to a charitable institution is not immunity from suit, not nonliability for a tort, but that the protection actually given is to the trust funds themselves. It is a recognition that such funds cannot be seized upon by execution, nor appropriated to the satisfaction of a tort liability. And certainly it is no defense to a tort action, that the defendant has no property subject to execution."

In O'Quin v. Baptist Memorial Hospital, 184 Tenn. 570, at page 575, 201 S.W.2d 694, at page 697, the Court alluded to the above rule as follows:

"We are of opinion that the defendant hospital cannot escape liability simply on the ground that it is a charitable institution."

The reason for permitting plaintiff to plead and prove indemnity insurance where a governmental institution is the defendant is that the sovereign, otherwise immune, is deemed to have waived its immunity by carrying liability insurance. The trend of judicial thought is that as a matter of right and justice suit should be permitted against a governmental institution for the torts of its agents and servants if it has insurance protection.

The reason for permitting suit against a governmental institution and alleging that it carries liability insurance does not exist in the case of suit against an eleemosynary institution. For, as shown by the cases heretofore quoted from, eleemosynary institutions are subject to suit in tort for negligence irrespective of their insurance protection.

Since the reason does not exist for applying the rule to eleemosynary institutions, the allegation that this defendant has insurance is irrelevant and in violation of the Tennessee rule against alleging insurance coverage. The Court can very well see that if the fact that the hospital has indemnity insurance is presented to the jury, such action could and in all probability would materially prejudice the defendant.

Counsel for defendant has admitted that defendant does carry indemnity insurance with the Aetna Casualty and Surety Company. Counsel stated also, that defendant, when it made defense, would not and properly could not plead immunity from this suit by reason of the fact that it is an eleemosynary institution.

On authority of the cited cases and in the light of these frank admissions and good faith statements of counsel for the hospital, the Court is of the opinion that plaintiff will not be deprived of any right and that the motion to strike should be sustained.

Let an order be prepared accordingly.