**TRACY v. DAVIS et al.**
Civ. No. 2911.

United States District Court
E. D. Illinois.

Aug. 17, 1954.

Hugh V. Murray, Jr., of Murray & Stephens, Centralia, Ill., Ralph D. Walker, Walker & Williams, East St. Louis, Ill., for plaintiff.

Robert L. Broderick, Henry F. Driemeyer, Pope & Driemeyer, East St. Louis, Ill., for Midland Truck Lines, Inc.

William B. Wham, Wham & Wham, Centralia, Ill., for Richard Davis, and others.

PLATT, District Judge.

In this suit various preliminary motions are presented to the court. It is a personal injury suit in four counts as follows:

Count I against Richard Davis;

Count II against Richard Davis and Oscar Davis;

Count III against Richard Davis and Midland Truck Lines, Inc.; (No doubt through oversight the defendant Richard Davis has failed to file a motion or plea as to Count III. The court, therefore, enlarges the time for Richard Davis to plead to Count III until August 28, 1954.)

Count IV against Community Unit School District # 100, Marion County, Illinois.

The defendant Midland Truck Lines, Inc., has filed a counterclaim against the plaintiff and a cross-claim against the other defendants.

The defendants Richard and Oscar Davis have filed motions to dismiss Count II of the complaint, or in the alternative to require a more definite statement. The same defendants have filed similar motions against the cross-claim.

The school district defendant has filed a motion to dismiss, both to Count IV of the complaint and to the cross-complaint filed against it, for the reason that the school district is immune from tort liability.

■ The motion to dismiss Count II of the complaint or in the alternative to require a more definite statement may be disposed of summarily. The defendant either knows who was operating the automobile in question, or by use of discovery may obtain sufficient knowledge to file a responsive pleading. Fowler v. Baker, D.C., 32 F.Supp. 783. Also see Form 10 of the Federal Rules of Civil Procedure, 28 U.S.C.A. This motion is therefore denied.

■ This brings us to the more interesting question presented by the Motion to Dismiss Count IV, and the cross-complaint. The proposition of law is should a tort action against a school district be dismissed when no allegation is made in the complaint that the school district has insurance, or other means of paying the sought judgment without impairment of its public funds? The answer is not entirely free from doubt from an examination of the Illinois decisions but a careful analysis of these cases results in the conclusion that the suit should not be dismissed.

■ The reason for the tort immunity of a school district, a quasi-municipal corporation, is similar to that of a char-

itable corporation and the same rules of law apply to each. Thomas v. Broadlands Comm. Consol. Sch. Dist. 201, 348 Ill. App. 567, 575, 109 N.E.2d 636. In the case of the school district it is based upon the protection of public funds and in the immunity of charitable corporations it is grounded upon the protection of the trust funds.

■ It is now clearly established that a charitable corporation is not immune to tort liability. However, the execution on the judgment, if obtained, is limited to non-trust funds. Moore v. Moyle, 405 Ill. 555, 564, 565, 92 N.E.2d 81. The allegations praying for a judgment in a complaint against a School District should probably allege and be limited to funds other than public funds. See Thomas v. Broadlands Comm. Consol. Sch. Dist. 201, supra. In fact such funds need not even be available at the time the judgment is entered, as they may be acquired afterwards. Anderson v. Armstrong, 180 Tenn. 56, 171 S.W.2d 401, cited with approval in Moore v. Moyle, supra, 405 Ill. at page 562, 92 N.E.2d 81.

In the complaint in the Thomas case it was alleged that there were sufficient funds available by reason of liability insurance to pay any judgment recovered, and the plaintiff offered to limit the collection of any judgment to the proceeds of the policy. The court there said that if there was no insurance the law in Illinois is clear that a school district, being a quasi-municipal corporation, is not liable in tort. But the court set forth that since there was insurance alleged the immunity is removed to the extent of the available insurance. The defendant presented the argument that the school district as a subdivision of the state could not be sued without its consent. While admitting this to be the general rule based upon the reason of public policy, the court stated that the purpose of the law was to protect public funds and public property. The court, therefore, strongly refuted the defendant's suggestion that immunity of a municipal corporation from suit can be made to rest on the notion that [348 Ill.App. 567, 109

N.E.2d 639] "the King can do no wrong." The court further stated that if the public funds were protected by liability insurance to that extent the reason for immunity to suit is removed. It then added: "The reasoning of the Supreme Court in the Moore case, supra, applies with equal force to the question before us."

The leading case in Illinois prior to Moore v. Moyle, supra, was Parks v. Northwestern University, 218 Ill. 381, 75 N.E. 991, 2 L.R.A.,N.S., 556, and the supreme court affirmed the lower court's sustaining of a demurrer to a complaint charging negligence on the part of the professor, an employee of the defendant, a charitable institution. The professor was demonstrating in the chemical laboratory and a reaction was obtained destroying an eye of the plaintiff. The Moore case when carefully examined appears to overrule the Parks case. It mentions that in the case of Marabia v. Mary Thompson Hospital, 309 Ill. 147, 140 N.E. 836, it was held that a default judgment in a tort suit against a charitable hospital was valid, in other words holding that the charitable immunity could be waived. While the Illinois court did not directly overrule the decision in the Parks case it reconciled the two cases, and in the Moore case expressed itself, 405 Ill. at page 560, 92 N.E.2d at page 84 as follows:

"The only logical construction would seem to be that liability does exist, but the doctrine of immunity is available as a complete defense of the trust funds against depletion by suits in tort."

and again 405 Ill. at page 564, 92 N.E.2d at page 86:

"[T]he question of insurance in no way affects the liability of the institution, but would only go to the question of the manner of collecting any judgment which might be obtained, without interfering with, or subjecting the trust funds or trust-held property to, the judgment. The question as to whether or not the institution is insured in

no way affects its liability any more than whether a charitable institution holding private nontrust property or funds would affect its liability. These questions would only be of importance at the proper time, when the question arose as to the collection of any judgment out of nontrust property or assets."

However, in spite of the principles of law as set forth in the Moore case, in Slenker v. Grand Lodge I.O.O.F., 344 Ill. 1, 100 N.E.2d 354, the appellate court of Illinois affirmed a judgment by the lower court notwithstanding the verdict, for the reason that the plaintiff had failed to establish by proof that there were funds available to pay the judgment other than trust funds. It seems to this court that this fails to carry out the principle of liability for a tort by a charitable institution or a quasi-municipal corporation. Of course, the judgment cannot and should not be collected from the trust funds or public funds, but if there are other assets such as insurance which are available to pay the judgment this court can see no reason why the judgment should not be obtained but be limited as to collection. In the Moore case, the Illinois Supreme Court cited three Tennessee cases with approval, which obviously hold that immunity is not from liability but is only from the depletion of the trust funds themselves if the judgment is obtained.[1] In McLeod v. St. Thomas Hospital, 170 Tenn. 423, 95 S.W.2d 917, at page 919, the court expressed itself:

"[W]e think it fairly may be said that the exemption and protection afforded to a charitable institution is not immunity from suit, not nonliability for a tort, but that the protection actually given is to the trust funds themselves. It is a recognition that such funds cannot be seized upon by execution, nor appro-priated to the satisfaction of a tort liability. And certainly it is no defense to a tort action, that the defendant has no property subject to execution."

In the Vanderbilt University v. Henderson, 23 Tenn.App. 135, 127 S.W.2d 284, at page 287, the court expressly stated the rule to be:

"This, * * * is a recognition that a charitable institution is liable for a tort of its agent and may be pursued to judgment; but that the institution's trust property cannot be taken to satisfy such judgment; and that where such institution has liability insurance, such insurance is not trust property of the institution and may be appropriated to the satisfaction of such judgment."

When this rule is applied to the instant case this court comes to the conclusion that while the plaintiff may bring his action and may obtain a judgment, his judgment is limited to satisfaction from funds other than public funds. As a matter of practicability the plaintiff should by pretrial discovery ascertain whether there are other funds from which his judgment might be collected if judgment is obtained.

The court concludes that the rule is that immunity exists against dissipation of public funds in paying a tort judgment, but it is not a defense to a tort action. This is just and reasonable. An individual injured by the tortious act of a quasi-municipal corporation or a charitable institution should not individually suffer his loss where there is a source of funds other than public funds, or trust funds, from which the judgment may be paid.

From the foregoing reasoning the School District's Motions to Dismiss will be and are hereby denied.

[1]. Anderson v. Armstrong, 180 Tenn. 56, 171 S.W.2d 401; Vanderbilt University v. Henderson, 23 Tenn.App. 135, 127 S.W.2d 284; and McLeod v. St. Thomas Hospital, 170 Tenn. 423, 95 S.W.2d 917.