Thomas Garrison, Plaintiff-Appellant, v. Community Consolidated School District No. 65, and Board of Education, Community Consolidated School District No. 65, Defendants-Appellees.

Gen. No. 48,429.

First District, Second Division.

January 30, 1962.

Crowell and Leibman, of Chicago (Julian R. Wilheim, of counsel) for appellant.

James A. Sprowl and John C. Tucker, of Chicago (Thompson, Raymond, Mayer, Jenner & Bloomstein, of counsel), for appellees.

MR. JUSTICE BRYANT delivered the opinion of the court:

Plaintiff seeks to recover damages from Community Consolidated School District No. 65 and from Board of Education, Community Consolidated School District No. 65, among other defendants, for personal injuries arising from the ignition and explosion of a "prop cannon" during a dramatic production in which plaintiff was participating. The complaint below is framed in four separate counts or causes of action and involves several defendants. Defendants School District and Board of Education are named as parties in count III of the complaint only, and this appeal is concerned solely with the question of the correctness of a dismissal of the complaint against these two defendants.

Count III of the complaint alleges, inter alia, that, on and before November 22, 1958, while he was a regularly enrolled student in attendance at defendant Northwestern University, plaintiff, then a minor exercising due care for his own safety, participated as part of his regular course of instruction at the University in dramatic productions which were conducted and presented at the Haven Community Consolidated School, Evanston, Illinois, by defendants School District and Board of Education in conjunction with defendant University. Count III further pleads that plaintiff sustained serious injuries while engaged in such dramatic productions on November 22, 1958, as the direct result of certain described negligent acts and omissions when a "prop cannon" with appurtenant equipment and flashpowder was ignited and exploded, and as concerns count III plaintiff prayed for judgment against defendants School District, Board of Education, Criste, Press, and Zimmerman, jointly and severally, in the sum of $465,000, together with interests and costs.

Defendants School District and Board of Education filed their motion to dismiss the complaint against

324

them on the ground that they are authorized agencies of the State of Illinois created for the exercise of purely governmental functions pursuant to Article 8 of the Illinois School Code, Ill Rev Stats 1959, c 122, § 8, and thus immune from liability for negligent acts. The motion to dismiss was argued orally and extensive briefs were filed by both sides at the request of the court. The trial court then entered an order on January 31, 1961, severing the School District and Board of Education as parties defendant from count III of the complaint, and dismissing such count as to these two defendants. It is from this final order that the present appeal now lies, and it concerns only count III and defendants School District and Board of Education, who were not named in the other counts of the complaint.

■ The allegations of count III of the complaint must be regarded as true for purposes of the motion to dismiss of defendants School District and Board of Education. Schuler v. Board of Education, 370 Ill 107, 18 NE2d 174; Hyland v. Waite, 349 Ill App 213, 110 NE2d 457.

Plaintiff puts forth three main propositions in this appeal. First, that in presenting these dramatic productions the School District and Board of Education were acting in a ministerial or proprietary capacity and the doctrine of respondeat superior applies to them. Secondly, assuming, arguendo, that these were governmental functions, this cause of action is not subject to motion to dismiss in view of the applicable provisions of the School Tort Liability Act of 1959. Thirdly, that the absence of allegations in count III that tort liability insurance was carried by defendants School District and Board of Education does not provide a basis for sustaining the motion to dismiss because defendants' immunity from tort liability is and always has been immunity from collectibility of

325

judgment in proper circumstances, and not and never has been immunity from suit.

█ The doctrine of governmental immunity from tort liability was a long established rule of law in Illinois prior to the decision in Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, 163 NE2d 89, cert denied 80 Sup Ct 955. Numerous cases demonstrate the applicability of the immunity doctrine to School Boards and School Districts. Lincke v. Moline Board of Education, 245 Ill App 459; Leviton v. Board of Education, 374 Ill 594, 30 NE2d 497; Chicago City Bank & Trust Co. v. Board of Education, 386 Ill 508, 54 NE2d 498. The complaint in the present case is based on events occurring on November 22, 1958. The immunity doctrine remains in effect as to all causes of action arising prior to December 16, 1959, the date of the filing of the final opinion in the Molitor case. Peters v. Bellinger, 19 Ill2d 367, 166 NE2d 581.

█ Plaintiff attempts to avoid this barrier by asserting that defendants were here acting in a proprietary capacity and thus the immunity doctrine would not apply. The answer to this is that the governmental-proprietary distinction, while applicable to true municipal corporations, has not been applied to school districts or other quasi-municipal corporations which are mere political divisions of the state government. This question was discussed extensively in Lincke v. Moline Board of Education, 245 Ill App 459, which says at page 463:

> "School districts derive their existence and all their powers from the legislature and have no inherent powers. . . . School Districts are charged with duties purely governmental in character and are agencies of the State, existing for the sole purpose of performing duties in connection with the maintenance of an efficient system of free schools . . . and differ from cities and

326

other municipal corporations which have power to function in certain private capacities."

This distinction and rule finds expression in numerous cases. Lindstrom v. City of Chicago, 331 Ill 144, 162 NE 128; Chicago City Bank and Trust Co. v. Board of Education of Chicago, 386 Ill 508, 54 NE2d 498; Schreiner v. City of Chicago, 406 Ill 75, 91, 92 NE2d 133.

██ ██ The Molitor case overturned the law on governmental immunity in causes arising subsequent to December 16, 1959, but the instant case must be decided according to the law as it existed before Molitor. And the Molitor case itself points out that the distinction between proprietary and governmental functions has not been applied to quasi-municipal bodies. Molitor v. Kaneland Community Unit Dist., supra, at 17. The Molitor case does not attempt to apply the category of proprietary functions to school districts, but instead abolishes prospectively and entirely the judicially created doctrine of sovereign immunity as it applies to school districts. Since pre-Molitor law did not make school districts liable for tortious conduct by applying the notion of proprietary functions, and since the instant case must be determined by the law as it stood before Molitor, the defendants here cannot be held liable on the theory that they were acting in a proprietary capacity in presenting these dramatic productions.

██ Plaintiff next argues that defendants are liable, at least to the extent of $10,000, by virtue of a statute commonly known as the "School Tort Liability Act of 1959." Ill Rev Stats 1959, c 122, § 821 et seq. A reading of the Act, especially sections 821 and 830, shows that it does not create liability or a cause of action, but rather that it limits the amount of damages "if there is liability imposed by any court." No such liability can be imposed in the instant case

327

because, as noted above, under the final opinion of the Molitor case the immunity of these defendants continues for all causes of action arising prior to December 16, 1959. The School Tort Liability Act was passed shortly after the first Molitor case abolished the immunity doctrine, but which opinion did not contain the limitation of operating only prospectively. The legislature then acted to limit the amount of recoverable damages, but made it quite clear that the Act itself was not to be construed as creating liability, where it provided in section 830:

> "Nothing contained in this Act shall be deemed to authorize the bringing of any action against any school district or non-profit private school, nor the entry of a judgment in any such action."

Plaintiff's final contention is that the immunity here in question is immunity from collection of judgment and not immunity from suit, relying primarily on Moore v. Moyle, 405 Ill 555, 92 NE2d 81, and Tracy v. Davis, 123 F Supp 160 (DCED Ill 1954). The latter case relies on the suggestion in Moore v. Moyle that allegations of the existence of nontrust funds are not necessary to state a cause of action.

██ There is language in Moore v. Moyle to support this view, but it does not state the Illinois rule. The case was criticized in Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, at 19, 20, 163 NE2d 89, as not offering a satisfactory solution. It has not been followed in subsequent cases. Lynwood v. Decatur Park Dist., 26 Ill App2d 431, 168 NE2d 185. See also Thomas v. Broadlands Community Consol. School Dist., 348 Ill App 567, 109 NE2d 636; Molitor v. Kaneland Community Unit Dist. No. 302, 29 Ill App2d 471, 173 NE2d 599. From an examination of all of the foregoing cases, it appears that the Illinois rule prior to December 16, 1959 which dis-

poses of plaintiff's final argument is that liability itself, not merely the collectibility of the judgment, depends on the presence of nontrust funds; and a complaint must allege the existence of such funds, such as liability insurance, to overcome the barrier of governmental immunity from tort liability.

For the reasons discussed above the trial court was correct in severing the School District and Board of Education as parties defendant from count III of the complaint, and dismissing such count as to these defendants. The judgment is affirmed.

Judgment affirmed.

FRIEND, P. J. and BURKE, J., concur.