Stevan Donehue, by Marie Donehue, His Mother and Next Friend, Plaintiff-Appellant, v. Elmer Duvall and Peggy Duvall, Defendants-Appellees.

Gen. No. 67–55.

Fifth District.

December 30, 1967.

Harris, Holbrook & Lambert, of Marion, for appellant.

Twente & Jelliffe, of Harrisburg, for appellees.

MORAN, J.

The plaintiff, Stevan Donehue, an infant of five years of age, filed a complaint by his mother, Marie Donehue, for personal injuries against the defendants. The complaint was dismissed for failure to state a cause of action, with leave to amend. An amended complaint was thereafter filed. The trial court sustained a motion to dismiss for failure to state a cause of action and entered a judgment for the defendant. The plaintiff appeals.

The amended complaint alleged that the defendants piled several loads of dirt in their back yard on November 18, 1965; that "at all times from November 18, 1965, to November 22, 1965, children in the neighborhood, including the plaintiff, played upon the pile of dirt, consisting among other things of hard clay clods, similar to and as large and hard as a baseball; that within said pile of dirt and within said clods was broken glass, all of which defendants knew or should have known by the exercise of reasonable care.

"Defendants knew that the children in the neighborhood, including the plaintiff, had frequented the pile of dirt, which was interspersed with broken glass, where the children had played and knew that the large clods con-

taining broken glass upon the pile of dirt created a hazard dangerous to children.

"At all times herein mentioned the pile of dirt, consisting of hard clods and broken glass, was a condition which existed upon the defendants' premises, which they knew or in the exercise of ordinary care should have known involved a reasonably foreseeable risk of harm to children." That the defendant foresaw or should have foreseen that children would play in the dirt and throw clods at each other; and that the expense or inconvenience to the defendants in remedying the condition would have been slight compared to the harm to the children.

The amended complaint also alleged that on November 22, 1965, the plaintiff and other children were playing on the dirt pile and that one of the children threw a clod of dirt containing glass which hit the plaintiff in the eye, causing plaintiff to lose his eye. It further alleged that the loss of the eye was caused by the defendants' negligence in (1) keeping the pile of dirt consisting of broken glass and hard clods, which created a condition hazardous to children, all of which defendants knew or should have known; (2) that the pile of dirt attracted children to play there, which was foreseeable and a hazard to children; (3) allowing the clods and pile of dirt to remain there when they knew or should have known that the children would throw the clods at each other; (4) allowing the clods and glass to remain there when the clods were inherently dangerous and (5) failing to fence off the pile of dirt. The plaintiff contends that a cause of action based on negligence is stated if there are facts to show a duty, a breach of duty, and a resulting injury. Fanning v. LeMay, 78 Ill App2d 166, 222 NE2d 815.

 We need only determine whether, under the pleadings, the plaintiff could prove a submissible case. The plaintiff contends that the facts alleged are sufficient to indicate that the defendant had a duty to take precautions against the injury complained of and relies

474

principally upon Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836, where a child was injured when a pile of lumber toppled over at a construction site. The court in allowing recovery, spelled out the modern version of the "turntable" or "attractive nuisance" doctrines. After stating the general rule that minority of itself does not impose a duty upon the occupier of land, the court indicated that an exception exists and specified the elements essential to state a cause of action under the exception. A plaintiff must show that (1) the occupier knows that young children frequent the vicinity; (2) there is a "defective structure or dangerous agency" which is present on the land; (3) this defective structure or dangerous agency is likely to cause injury because of the child's inability to appreciate the risk and (4) the expense of remedying the situation is slight. If these conditions are met then the owner or occupier has a duty to exercise due care to protect the children. The court concluded that the element of attraction is significant only in that it indicates the trespass should be anticipated and that the basis for liability is foreseeability of harm to the infant.

A pile of dirt located in the back yard or anywhere else is, without a doubt, attractive to children. Thus in the present case it is likely that the defendants knew of the children's presence or, from the nature of the attraction itself, should have reasonably anticipated their presence. However, implicit in the holding of Kahn and the other cases cited by the plaintiff is the requirement of reasonable foreseeability of harm to the infant.

 The original complaint alleged that the pile consisted of clods of dirt. We are of the opinion that such a pile would not be a defective structure or dangerous agency and it would not be reasonably foreseeable that serious injury would result. However, the amended complaint contained all of the elements necessary to state a cause of action under the guidelines of the Kahn case. We said in Fanning v. LeMay, 78 Ill App2d 166, 222 NE2d

815, that in a negligence action a complaint is sufficient if the facts alleged are such as to raise a duty, show a breach of duty and a resulting injury. Where a defendant has filed a motion to dismiss the complaint, all facts well pleaded in the complaint are to be taken as admitted. Schuler v. Board of Education, 370 Ill 107, 18 NE2d 174.

If we assume all of the facts in the complaint to be true as we must do where there is a motion to dismiss, the complaint states a cause of action.

For the foregoing reasons the judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GOLDENHERSH and EBERSPACHER, JJ., concur.