(No. 18852.—▉▉▉▉▉▉▉▉▉)

GEORGE ALBERT HOGAN, Plaintiff in Error, *vs.* THE CHICAGO LYING-IN HOSPITAL AND DISPENSARY, Defendant in Error.

*Opinion filed April 20, 1929—Rehearing denied June 5, 1929.*

OLDS & LARUE, (MILFORD H. OLDS, and JOHN F. BELLAIR, of counsel,) for plaintiff in error.

H. L. HOWARD, and WILLIAM GREENE, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, George Albert Hogan, a minor, by his father and next friend, brought suit in the superior court of Cook county against defendant in error, the Chicago Lying-In Hospital and Dispensary, a corporation, to recover damages for personal injuries. The court overruled the demurrer of plaintiff in error to the second plea, he elected to stand by his demurrer, the suit was dismissed at his costs, an appeal was prosecuted to the Appellate Court for the First District, where the judgment was affirmed, and the cause comes to this court on a writ of *certiorari.*

The declaration consisted of six counts, and alleged, in substance, that defendant in error is a corporation organized to provide medical care for poor women and women without homes during confinement and to care for their infants; that plaintiff in error was not a charity patient in said hospital but a substantial fee was paid for the care of him and his mother; that on February 23, 1926, he was born in said hospital, and defendant in error through its nurses and servants negligently allowed him to be placed in close proximity to a therapeutic lamp for an unreasonable length of time and his feet were seriously burned.

The second plea, to which the demurrer was overruled, alleged that defendant in error was incorporated under the laws of Illinois as a corporation not for pecuniary profit and that its object was the establishment and maintenance of a hospital for charitable purposes; that it had no capital stock, it paid no dividends, and at the time of the commission of the supposed grievance was engaged in the maintenance of a hospital for charitable purposes and not for pecuniary profit.

It is insisted by plaintiff in error that the demurrer was improperly overruled, for the reason that where an institution organized for charitable purposes undertakes a duty to an individual for an adequate consideration it should be held liable for its neglect of such duty; that the neglect of a servant is the neglect of the principal, and the character of the principal should create no distinction in law as to liability, and that an implied contract to waive liability for negligence should not be held to exist between a patient and a hospital where the patient paid as much as the services were reasonably worth,—and that this is especially true where the patient had no capacity to contract.

In *Parks* v. *Northwestern University,* 218 Ill. 381, Parks, a student, lost an eye on account of the alleged negligence of a professor. A demurrer was sustained to the declaration and the judgment was affirmed by this court

and by the Appellate Court. This court held that under its charter and the Statute of Charitable Uses, which is a part of the common law of this State, the university was a charitable institution notwithstanding the fact that it required its students to pay tuition; that the rule exempting a charitable institution from liability for the negligence of its servants does not rest solely upon the ground that it is an agency of the State, but also upon the ground that an admission of liability would result in a diversion of the trust funds of the institution; that a private corporation organized for the sole purpose of disseminating learning, having no power to declare dividends and depending for its maintenance upon the income from its property and the endowments and gifts of benevolent persons, holds its funds, from whatever source derived, in trust for the object of its organization, and such corporation is within the rule exempting a public charity from liability for the negligence of its servants; that the doctrine of *respondeat superior* does not extend to charitable institutions, for the reason that if liability were admitted the trust fund would be destroyed and diverted from the purpose for which it was given, thus thwarting the donor's intent as the result of negligence for which he was in nowise responsible, and that if the trustees cannot by their direct acts divert funds from the purposes for which they were donated, such funds cannot be indirectly diverted by the tortious or negligent acts of the managers of the fund or their agents or employees.

In *Tollefson* v. *City of Ottawa*, 228 Ill. 134, the declaration alleged that the city of Ottawa managed and controlled a hospital for revenue and profit; that the deceased was received as a patient, and because of the negligent conduct of the nurses and servants of defendant in caring for the patient she died. A demurrer was sustained to the declaration, and it was held that where a city maintains a hospital as a charity or in the exercise of its police power, as a means of promoting the general health and welfare, it is

not liable, under the doctrine of *respondeat superior,* for the negligent acts of the employees of the hospital.

In *Johnston* v. *City of Chicago,* 258 Ill. 494, on page 498, it was said: "A purely charitable corporation is by the weight of authority held not liable for the torts or neglect of its servants in the performance of their duties in carrying on the work of such corporation."

Plaintiff in error insists that these cases are not conclusive, and he cites cases from other jurisdictions which hold to the contrary. · The rule is not uniform in all jurisdictions, but the rule announced in the *Parks case, supra,* is in accord with the great weight of authority in the United States. A few of the cases in which this rule has been followed are: *Abston* v. *Waldon Academy,* 118 Tenn. 24; *Donald* v. *Massachusetts General Hospital,* 120 Mass. 432; *Hamburger* v. *Cornell University,* 240 N. Y. 328; *Hearns* v. *Waterbury Hospital,* 66 Conn. 98; *Mikota* v. *Sisters of Mercy,* 168 N. W. (Iowa) 219; *Nicholson* v. *Atchison, Topeka and Santa Fe Hospital,* 97 Kan. 480; *Morrison* v. *Henke,* 165 Wis. 166; *Weston* v. *Hospital of St. Vincent of Paul,* 107 S. E. 785. The case last cited is quite similar to this case, except that the child was burned by a hot-water bottle and died. It was held that the hospital was not liable. In *St. Vincent's Hospital* v. *Stine,* 144 N. E. 537, the Supreme Court of Indiana cites a large number of cases from many jurisdictions which sustain the doctrine announced in the *Parks case.*

We find no reversible error, and the judgment of the Appellate Court will be affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*