ELEANOR ENMAN *vs.* TRUSTEES OF BOSTON UNIVERSITY.

Suffolk. January 6, 1930. — January 29, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Corporation*, Charitable. *Evidence*, Competency, Admission. *Insurance*, Against liability.

At the trial of an action of tort against a charitable corporation described in the writ as "Trustees of Boston University, a corporation duly established by law . . . .," for personal injuries sustained when the plaintiff slipped and fell on ice on a sidewalk adjacent to a building owned by the defendant and used by it solely for its charitable purposes and not for profit, it was not open to the plaintiff to contend that the trustees as owners of the building were personally liable to him.

The defendant at the trial above described was entitled to the benefit of the rule of law exempting it, as a charitable corporation, from liability in such circumstances, notwithstanding the fact that, at the time when the plaintiff was injured, it was the holder of a "public liability" insurance policy, wherein, in consideration of a premium paid from its funds, the insurance company agreed to indemnify it against loss caused by accidents originating from snow and ice.

Such policy was not admissible in evidence at the trial above described.

TORT for personal injuries against "Trustees of Boston University, a corporation duly established by law and having a usual place of business in Boston, within our County of Suffolk." Writ dated October 6, 1926.

Material evidence at the trial in the Superior Court before *Sisk*, J., is stated in the opinion. The judge ordered

a verdict for the defendant. The plaintiff alleged exceptions.

*J. J. Donahue*, for the plaintiff.

*K. C. Parker*, for the defendants.

SANDERSON, J. This is an action for personal injuries received by the plaintiff from falling on ice upon the sidewalk of Mt. Vernon Street, a public highway in Boston. The defendant was at the time of the accident, and for ten years prior thereto had been, the owner of the building abutting on the sidewalk on which the plaintiff fell. It is a charitable corporation chartered by acts of the Massachusetts Legislature, and the building in question was used by the defendant as a dormitory for students in the School of Theology, one of its departments, and was used solely for the charitable purposes of the corporation. Students living therein made no payment for the use of their rooms, and the building was not at any time used to produce revenue.

At the close of the plaintiff's evidence the defendant rested. Its motion for a directed verdict was granted subject to the plaintiff's exception. No question was raised as to the plaintiff's due care.

There was evidence from which the jury could find that the line of the main building came to the sidewalk line of Mt. Vernon Street and that about ten or twelve feet above the sidewalk a bay window eight or ten feet wide projected from the building over the sidewalk one and one half to two or more feet; that the roof of the window sloped toward the street with no gutter or coping around it; that the plaintiff was injured by slipping on ice which was formed on the sidewalk from water which came from the roof of the bay window; that similar conditions of ice on the sidewalk from the same cause had existed after snow storms for many years. The plaintiff offered to show that the defendant at the time of the accident was the holder of a policy of insurance to indemnify it against loss caused by accidents originating from snow and ice, under which the limit of liability for one person was in excess of the *ad*

*damnum* in the writ. The existence of the policy was admitted, but the evidence was excluded subject to the plaintiff's exception.

The plaintiff states in her brief that the only issues raised in the case are "(a) whether or not the trustees are personally liable and (b) whether or not the liability insurance carried by the defendants takes the case out of the well established principle in this jurisdiction that a charitable institution is not liable for damages in tort." It is not open to the plaintiff to contend on the pleadings that the trustees as owners and managers of the property are personally liable for allowing the property in their control to remain in a dangerous condition. The defendant is described in the writ and in the bill of exceptions as a corporation. The trustees as individuals are not parties to the action, and no facts are disclosed in the record upon which they personally would be bound to respond to the plaintiff in damages.

The policy was not admissible to prove that because of it the defendants were deprived of the exemptions from liability which otherwise it as a charitable corporation would enjoy. The policy covered many buildings, some of which may have been so used that the defendant would not be entitled to any special exemption from liability. See *Holder v. Massachusetts Horticultural Society,* 211 Mass. 370. The insurance company by its contract undertook obligations in addition to indemnification for liability for accidents and by the terms of the policy the judgments which it bound itself to pay were those rendered against the defendant. See *Employers' Liability Assurance Corp.* v. *Merrill,* 155 Mass. 404, 409. The basis on which the defendant's legal responsibility for torts rests would not be changed by its entering into a contract with an insurance company by which the latter for a consideration and within specified limits undertakes to assume responsibility for damages resulting from accidents for which the defendant might be found to be liable, even though thereby to a certain extent the diversion of the funds of the defendant to that purpose

might be avoided.  The ruling excluding the policy as evidence was right.

Questions not argued by the plaintiff have not been considered or decided.

*Exceptions overruled.*