George Maretick, Minor, By Evelyn Maretick, His Mother and Next Friend, Appellant, v. South Chicago Community Hospital, Appellee.

Gen. No. 40,160.

Heard in the third division of this court for the first district at the June term, 1938. Opinion filed November 30, 1938. Rehearing denied December 16, 1938.

Royal W. Irwin, of Chicago, for appellant.

Edward W. Rawlins, James F. Wright and Lee W. Carrier, all of Chicago, for appellee.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

A jury returned a verdict in the above entitled cause in favor of plaintiff for $45,000, for personal injuries sustained by plaintiff while a patient in the South Chicago Community Hospital. After the verdict was returned by the jury, the court on motion of defendant entered a judgment *non obstante veredicto* in favor of defendant, and it is from that judgment that plaintiff brings this appeal.

The facts with relation to the accident are substantially as follows:

The plaintiff was born on October 6, 1926 in the South Chicago Community Hospital and was placed in a crib in the nursery with several other infants. During the night of October 12, 1926, a fire occurred in the nursery, which resulted in plaintiff's injury.

The fire apparently was caused by a defective electric light cord to which a globe was attached and which the hospital authorities had used to improvise an incubator by permitting the globe to hang over the crib and thereby furnish warmth to the baby. One of the witnesses who testified for plaintiff in referring to the electric light stated that "there was an old looking wire and at the end it was frayed, and all in threads. The light in it was burning about two feet above the infant in the crib. The clothing was over the crib. The globe was in the socket on the cord and hanging in this opening in the canopy" which was over the crib.

It appears that during the night, either because of the defective condition of the electric wiring or because of the close proximity of the light globe with the cotton bedding, the crib caught fire and the premature

baby who was in that crib was burned to death and the fire communicated from that crib to the crib in which the plaintiff was sleeping, as a result of which plaintiff was injured.

An interne from the hospital stated, "A sort of canopy was put over one of the cots to make an improvised incubator. It was made of steel and an extension with a globe at the end. Cotton was around the globe and around the foot of the bed. The cotton was used to equalize the heat. The covering of the wire next to the socket was worn out. It had been in that condition for a month or two before the accident."

The doctor in charge testified as to the physical condition in which he found plaintiff at the time of the trial.

There is no controversy as to the happening, cause or result of the injury sustained by plaintiff.

The principal and controlling question here involved is whether or not the hospital was a charitable organization. The proof submitted on behalf of plaintiff shows that the hospital was incorporated on December 18, 1895 under the name South Chicago Hospital, and that its object or purpose was "for general Hospital purposes." Later, in 1908, the charter was amended and the purposes for which it was amended are set forth as follows: "The objects for which it is formed is for General Hospital purposes. Also to establish, conduct and carry on a Nurses Training School, a Nurses Home for Nurses while in training, and to issue diplomas for graduating nurses, including the right to furnish necessary object lessons in practical nursing and the giving of instructions in both theoretical and practical nursing of medical, surgical and obstetrical cases to the individual in training." From the above it will be seen that the corporation was one which was organized not for pecuniary profit, there being no capital stock issued, no provision for divi-

dends or the usual powers granted to a profit making corporation.

In the case of *People v. Young Men's Christian Ass'n,* 365 Ill. 118, it was said: "A charity, in law, is not confined to the relief of poverty or distress or to mere almsgiving but embraces the improvement and promotion of the happiness of man, and whether it extends to the rich or to the poor, it is a charity if it is a gift to the general public use and relieves to some extent the burden of the State to care for and advance the interests of its citizens. . . .

"The charitable nature of an organization depends upon whether its primary object is to carry out a purpose recognized in law as charitable or whether it is maintained for gain, profit or private advantage, and an institution does not lose its charitable character by reason of the fact that recipients of its benefits who are able to pay are required to do so, where no profits are made by the institution except such as are devoted to charitable purposes and where its benefits are refused to none because of inability to pay therefor."

We think it is conceded that if the defendant in this case is a charitable organization, as so defined in the law, that it is not liable for an action in tort for the negligence of its servants and employees.

In *Johnston v. City of Chicago,* 258 Ill. 494, at page 498, the court said:

"A purely charitable corporation is by the weight of authority held not liable for the torts or neglect of its servants in the performance of their duties in carrying on the work of such corporation."

In the case of *Hogan v. Chicago Lying-In Hospital,* 335 Ill. 42, plaintiff brought suit to recover damages for personal injuries which he sustained while a patient in the Chicago Lying-In Hospital shortly after his birth. The injuries complained of were caused by

plaintiff having been placed in close proximity to a therapeutic lamp for an unreasonable length of time causing his feet to be seriously burned. It was alleged that said hospital was incorporated under the laws of Illinois as a corporation not for pecuniary profit and that its object was the establishment and maintenance of a hospital for charitable purposes; that it had no capital stock, it paid no dividends, and at the time of the supposed grievance was engaged in the maintenance of a hospital for charitable purposes and not for pecuniary profit, and the court in that case in discussing the case of *Parks v. Northwestern University,* 218 Ill. 381, said:

"This court held that under its charter and the Statute of Charitable Uses, which is a part of the common law of this State, the university was a charitable institution notwithstanding the fact that it required its students to pay tuition; that the rule exempting a charitable institution from liability for the negligence of its servants does not rest solely upon the ground that it is an agency of the State, but also upon the ground that an admission of liability would result in a diversion of the trust funds of the institution; that a private corporation organized for the sole purpose of disseminating learning, having no power to declare dividends and depending for its maintenance upon the income from its property and the endowments and gifts of benevolent persons, holds its funds, from whatever source derived, in trust for the object of its organization, and such corporation is within the rule exempting a public charity from liability for the negligence of its servants; that the doctrine of *respondeat superior* does not extend to charitable institutions, for the reason that if liability were admitted and the trust fund would be destroyed and diverted from the purpose for which it was given, thus thwarting the donor's intent as the result of negligence for

which he was in nowise responsible, and that if the trustees cannot by their direct acts divert funds from the purposes for which they were donated, such funds cannot be indirectly diverted by the tortious or negligent acts of the managers of the fund or their agents or employees."

Complaint is made by defendant that the trial court did not permit it to present all the facts and circumstances which tend to prove that the hospital was used only for charitable purposes. When offer of proof was made by defendant, plaintiff objected and the objection was sustained. We do not think such proof on behalf of defendant was necessary and, of course, plaintiff could not complain when such ruling was made because of his objection.

As was said in *Turnverein "Lincoln" v. Board of Appeals*, 358 Ill. 135, at page 142:

"The appellant is a corporation and, as a general rule, the character of a corporation and the object for which it was organized must be ascertained from its charter or certificate of incorporation. (*People v. Rockford Masonic Ass'n*, 348 Ill. 567; *People v. Rockford Lodge B. P. O. E.*, 348 id. 528; *People v. Wyanet Electric Light Co.*, 306 id. 377; *Distilling Co. v. People*, 161 id. 101)."

The provisions of the charter determine the character of the organization and the purposes for which it is organized, and is controlling. Evidence as to the conditions of the charter would not be competent. As was said in *People ex rel. Nelson v. Rockford Lodge, B. P. O. E.*, 348 Ill. 528, at page 532: "It is a corporation, and its character and the purpose for which it was organized must be ascertained by reference to the terms of its charter." This being true, we are of the opinion that a corporation organized not for profit and engaged in conducting a hospital is a charitable organization as contemplated by law. As the court said in

*Congregational S. S. & Pub. Society v. Board of Review,* 290 Ill. 108, at page 113:

"Charity, in the legal sense, is not confined to mere almsgiving or the relief of poverty and distress but has a wider signification, which embraces the improvement and promotion of the happiness of man. A charity is a gift to the general public use which extends to the rich as well as to the poor. The test of a charity and the test of a charitable organization are in law the same. The principal and distinctive features of a charitable organization are, that it has no capital stock and no provision for making dividends or profits but derives its funds mainly from public and private charity and holds them in trust for the objects and purposes expressed in its charter. In other words, the test whether an enterprise is charitable is whether it exists to carry out a purpose recognized in law as charitable, or whether it is maintained for gain, profit or private advantage."

From the foregoing it will be seen that the law presumes that where a corporation, as shown by the terms of its charter, is operated not for profit and has no provision for the issuance of stock or the payment of dividends thereon to its incorporators or its stockholders, and where it further appears that it is conducted for the purposes of a hospital, it is recognized under the law as a charitable institution. The evidence in the instant case is sufficient to show that the purpose of said hospital is charitable in its nature. *Santa Clara Female Academy v. Sullivan,* 116 Ill. 375; *McDonald v. Massachusetts General Hospital,* 120 Mass. 432; *New England Sanitarium v. Inhabitants of Stoneham,* 205 Mass. 335.

Counsel in their brief call attention to the fact that there are many corporations organized not for profit, such as the Board of Trade, Trade Unions, Cattle Exchange Associations, etc. We have no knowledge as to the language used in the charters of these last

named organizations, or the purposes for which they were organized as pertaining to the law, but as before stated, we believe that in this State where a corporation is organized for charitable purposes, such as a hospital and its charter contains the clause "not for profit," such a charitable organization is not liable for the torts of its servants.

In view of our holding that the hospital is a charitable institution, it will not be necessary for us to discuss the evidence with relation to the cause, nature and extent of the injuries sustained by plaintiff. The injuries were grievous and would enlist sympathy if that were one of the elements to be considered in arriving at a decision in this case, but under the law, we are obliged to hold that no liability attached to the defendant hospital.

For the reasons given in this opinion the judgment of the superior court is affirmed.

*Judgment affirmed.*

HALL, P. J., and HEBEL, J., concur.