## No. 14,510.

### O'CONNOR *v.* BOULDER COLORADO SANITARIUM ASSOCIATION.

(96 P. [2d] 835)

Decided November 27, 1939.

Mr. CARL W. BERUEFFY, for plaintiff in error.

Messrs. TWITCHELL, CLARK & ECKLEY, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

In this action the trial court granted defendant in error immunity from tort liability because of its strictly charitable character. We shall refer to the parties as they appeared below.

Plaintiff brought an action against defendant for damages for alleged negligence in the care and medical treatment of herself while in its sanitarium as a paying patient. Defendant answered, first, admitting certain allegations and generally denying others, including negligence; second, alleging nonliability by reason of its being a charitable institution. Plaintiff replied, admitting, that defendant is a nonprofit corporation and that all its funds are used for charitable purposes. Further replying, she alleged that a judgment against the institution would in no way affect the association's charitable trust fund, for the reason that it had, for a money consideration, secured a contract of insurance indemnifying it against all liability for the torts of its agents in the conduct of the hospital business. The terms of the alleged insurance contract are not set out. To this replication demurrers were interposed and sustained, and, plaintiff electing to stand on her pleadings, the court entered judgment dismissing the action at her costs. Plaintiff seeks a reversal of this judgment, and assigns error, contending that the replication states, and did state, facts sufficient to constitute a reply to the second and affirmative answer of defendant. We have before us for determination, therefore, the specific question of whether a charitable institution is immune from tort liability, even though its trust funds would not be jeopardized by reason of a judgment entered against it, payment of which would be limited to funds derived from indemnity insurance held by it.

The authorities on the subject of liability of charitable institutions for torts are many and extremely divergent. 14 C. J. S., p. 545, §75. In *St. Mary's Academy v. Solomon,* 77 Colo. 463, 238 Pac. 22, we for the first time had before us the question of the liability of a

charitable institution for the tortuous acts of its agents. The action grew out of the negligent operation of an automobile by an agent of the academy. In reviewing the judgment we committed ourselves to what may be denominated the trust-fund doctrine, and held that the trust-fund rule does not bar an action against a charitable institution based on the tort of its agents, but that it does prohibit the levying of an execution under a judgment procured against it in such a suit on any property which is a part of the charitable trust. In that case there is some dicta to the effect that if it appeared from the evidence that the defendant institution had no powers except as charitable trustee, we would favor nonliability.

The only other case in which this question was before us is Brown v. St. Luke's Hospital Ass'n, 85 Colo. 167, 274 Pac. 740. That was an action against a charitable institution, based upon negligence, and we determined, as stated on page 173, that "We must adhere to the ruling enunciated in the case of St. Mary's Academy v. Solomon, supra, and hold that where the testimony affirmatively discloses a charitable trust, and a judgment against said trust, if satisfied, will deplete the trust fund, under such circumstances, a plaintiff cannot maintain an action against such a defendant." It will be noted that we related the maintenance of the action to the testimony introduced, not to absolute nonliability.

While the pleadings here admit that all property, real or personal, of defendant is held in trust for charitable purposes, it also is affirmatively alleged, "That a judgment against the said defendant will not affect or deplete the charitable trust funds of said defendant in any respect, and that no property impressed with a charitable trust will be levied upon for the satisfaction of said judgment herein, and the Court's decree herein may and will fully safeguard any charitable trust fund, and plaintiff consents thereto."

It would seem, therefore, that no depletion of

the trust fund of a charitable institution is here sought. Under the circumstances, and in harmony with our previous pronouncements, it would be just and reasonable to hold that defendant herein is subject to this qualified liability. Counsel for defendant cite cases to the effect that the procurement of indemnity or liability insurance does not impose liability for torts where insured would not otherwise be liable. 14 C. J. S. 550. These cases are primarily from jurisdictions where, unlike Colorado, liability of charitable institutions for torts, under the circumstances, is in any event precluded. In view of the qualified liability rule adopted in this state, we feel we are not at liberty to follow these authorities, even if we should see any just reason for doing so, which we do not. We do not transgress the public policy that requires immunity from tort liability of associations with trust funds dedicated to charity, but we cannot agree that this policy goes so far as to include nonliability where a charitable institution has contractually, and perhaps for the benefit of third parties, insured against its negligence. In fact, it is more reasonable to say that it is a wise precaution for such associations, in connection with their relation to those whom they serve, to protect themselves with insurance against injury resulting from their negligent acts, and the procurement of such safeguard should be encouraged. Realistically, the average layman when seeking service in such institutions does not concern himself with the prospect of negligent action, and therefore does not learn of the possible limitations of their responsibility until after the fact. Solely to indicate the trend toward liability, we call attention to a recent case decided by the New York Court of Appeals, *Sheehan v. North Country Community Hospital*, 273 N. Y. 163, 7 N. E. (2d) 28.

The judgment is reversed and the case remanded with directions to overrule the demurrers, and for such further proceedings as are consistent with this opinion.

MR. JUSTICE FRANCIS E. BOUCK not participating.