## Geraldine Lenahen, Appellant, v. Ancilla Domini Sisters, Appellee.

### Gen. No. 43,820.

Opinion filed April 2, 1947. Released for publication April 25, 1947.

M. C. ZACHARIAS, of Chicago, for appellant; CASIMIR R. WACHOWSKI, of Chicago, of counsel.

HINSHAW & CULBERTSON and JOHN E. WILSON, all of Chicago, for appellee; OSWELL G. TREADWAY, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

In a complaint filed in the superior court of Cook county, Geraldine Lenahen sought damages from Dr. C. Arthur Cywinski and Ancilla Domini Sisters, a corporation, for injuries caused by the corporation's

servant in improperly strapping plaintiff's arm to an operating table, as a result of which she suffered a "paralytic arm." The charge against the corporation is that it carelessly, negligently, improperly and knowingly employed and retained an incompetent and inexperienced servant whose negligence caused the injuries. Dr. Cywinski was charged with negligence in violating his duty, as a surgeon, to carefully supervise the servant assigned to him by the corporation, which servant was "aiding and assisting him in preparing the plaintiff for and during the surgical operation, and to see to it" that her right arm was properly strapped to the operating table. According to the averments of the complaint, plaintiff was a patient of Dr. Cywinski, a physician and surgeon, she was instructed by him to enter the hospital, and the operation was performed by and under his direction. The servant was not made a party defendant. The corporation filed a motion to dismiss the cause for the reason that it was a charitable organization. Plaintiff's objections to the motion were overruled. She elected to stand on her complaint and the cause was dismissed as to the corporate defendant. Judgment was entered and plaintiff appeals.

The charter for the corporation was issued by the State of Indiana. It is a charitable organization. It owns and operates St. Elizabeth's Hospital in Chicago, where plaintiff was injured. Plaintiff concedes that a charitable organization is not liable for the negligence of its servants. Her sole contention is that this rule of immunity does not extend to cases where the institution is guilty of negligence in the employment or retention of incompetent or inexperienced servants. Supporting her contention, plaintiff relies on *Goodman v. Brooklyn Hebrew Orphan Asylum*, 178 App. Div. 682, 165 N. Y. Supp. 949; *Barr v. Brooklyn Children's Aid Society*, 90 N. Y. Supp. 296; *Olander v. Johnson*, 258 Ill. App. 89; *Croupp v. Garfield Park*

*Sanitarium,* 147 Ill. App. 7; *Parks v. Northwestern University,* 121 Ill. App. 512; *Taylor v. Flower Deaconess Home & Hospital,* 104 Ohio St. 61; *Schumacher v. Evangelical Deaconess Society,* 218 Wis. 169, and other cases.

The law on the question of immunity from liability of a charitable corporation in jurisdictions other than Illinois is not uniform. Immunity or partial immunity seems to be the general rule. In our opinion, the Illinois cases do not sustain plaintiff's contention. In *Parks v. Northwestern University,* 218 Ill. 381, our Supreme Court said (384):

"The doctrine of *respondeat superior* does not extend to charitable institutions for the reasons, 'first, that if this liability were admitted the trust fund might be wholly destroyed and diverted from the purpose for which it was given, thus thwarting the donor's intent, as the result of negligence for which he was in nowise responsible; second, that since the trustees cannot divert the funds by their direct act from the purposes for which they were donated, such funds cannot be indirectly diverted by the tortious or negligent acts of the managers of the funds or their agents or employees.' (5 Am. & Eng. Ency. of law,—2d ed.—923.) These reasons for exemption apply as well to private as to public charitable corporations."

In *Hogan v. Chicago Lying-In Hospital & Dispensary,* 335 Ill. 42, the rule laid down in the *Parks* case was reaffirmed. See also *Wattman v. St. Luke's Hospital Ass'n,* 314 Ill. App. 244; *Piper v. Epstein,* 326 Ill. App. 400; *Roosen v. Peter Bent Brigham Hospital,* 235 Mass. 66, 126 N. E. 392, 14 A. L. R. 563.

The exemption of public charities from liability in actions for damages for tort rests not upon the relation of the injured person to the charity, but upon grounds of public policy, which forbid the crippling or destruction of charities established for the benefit of the whole public to compensate one or

more individual members of the public for injuries inflicted by the negligence of the corporation itself, or of its superior officers or agents, or of its servants or employees. The principle is that, in organized society, the rights of the individual must, in some instances, be subordinated to the public good. The law has always favored and fostered public charities in ways too numerous to mention, because they are most valuable adjuncts of the State in the promotion of many of the purposes for which the State itself exists. *Vermillion v. Woman's College of Due West,* 104 S. C. 197, 88 S. E. 649.

The public policy of Illinois recognizing the immunity of charitable institutions from liability for negligence is grounded on the trust fund theory and the view that the doctrine of *respondeat superior* is not applicable to them. Apparently, a different rule prevails in New York, Ohio, Virginia, West Virginia, Arizona, Washington, California, Iowa and Georgia. We are satisfied that the greater weight of and the best authority supports the Illinois rule. We feel that under the *stare decisis* doctrine we cannot relax the rule, recognized by the courts of Illinois, of nonliability for the negligence of servants of charitable corporations, by introducing an exception fastening a liability on such institutions for negligence in the choice or retention of incompetent or inexperienced servants.

Therefore, the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

LEWE, P. J., and KILEY, J., concur.