(No. 30087. ▮▮▮▮▮▮▮)

AGNES R. MOORE, Appellant, *vs.* WILLIAM J. MOYLE *et al.,*
Appellees.

*Opinion filed January 22, 1948—Rehearing denied March 11, 1948.*

DAVID F. MATCHETT, JR., HUGH M. MATCHETT, and
WILLIAM L. EAGLETON, all of Chicago, for appellant.

CLARENCE W. HEYL, of Peoria, for appellees.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of
the court:

Agnes R. Moore, the appellant here, filed a complaint
on July 3, 1941, in the circuit court of Peoria County, by
which she sought to recover damages for personal injuries.
She named as defendants the appellees, William J. Moyle,
B. G. Bramlage and Bradley Polytechnic Institute, the
latter now Bradley University, hereinafter referred to as
Bradley. The issues were formed by the pleadings, and
on December 11, 1942, the trial court, on motion of Brad-

ley, entered an order dismissing the amended complaint as to it. On July 19, 1946, appellant filed a motion to set aside the order of December 11, 1942, alleging that the order dismissing Bradley had denied her both due process and equal protection of the law, as guaranteed by both the Federal and State constitutions, and allowed special privilege or immunity to a corporation and was an invasion of her rights to security of person in a manner prohibited by the State constitution. The trial court denied this motion on November 29, 1946. The appellant thereupon elected to abide by her pleadings, and the court, on motion of appellee Bradley, entered a judgment that appellant take nothing by her suit against Bradley, and that her suit be dismissed as to Bradley at her costs. Appellant seeks direct review.

It is first contended that this court has jurisdiction on direct review because a construction of the Federal and State constitutions is involved. It is well established that before this court will assume jurisdiction of an appeal or writ of error on the ground that a constitutional question is involved, it must appear that a fairly debatable constitutional question was urged in the trial court, the ruling on it must be preserved in the record for review, and error must be assigned on it here. (*People* v. *Brickey*, 396 Ill. 140; *Jenisek* v. *Riggs*, 381 Ill. 290.) The bare assertion that a constitutional question is involved or a constitutional right invaded, is not in itself sufficient to confer jurisdiction. (*People* v. *Moe*, 381 Ill. 235; *Economy Dairy Co.* v. *Kerner*, 371 Ill. 261.) Where a judgment or decree is attacked on the grounds that its enforcement will deprive the one against whom it is sought to be enforced of some constitutional right, no constitutional question is presented which authorizes a direct appeal to this court. The question involved in such a case is the validity of the judgment or decree and is not a constitutional question within the meaning of the statute which authorizes appeals direct to

this court. *People ex rel. Tinkoff* v. *Northwestern University*, 396 Ill. 233; *Chapralis* v. *City of Chicago*, 389 Ill. 269; *Perlman* v. *Thomas Paper Stock Co.* 378 Ill. 238; *De La Cour* v. *De La Cour*, 363 Ill. 545.

Appellant contends that the effect of these rulings does not bar her from direct appeal, because there is not here simply the question of the validity of the present judgment involved but also the correctness of a rule of law adopted by this court some years ago, upon which the trial court predicated its action in dismissing Bradley from the cause. This position was not presented to the trial court for decision, presents no fairly debatable constitutional question, and is but another way of stating that the effect of the decision of the trial court will be to deprive appellant of constitutional rights. There is no constitutional question which can be said to authorize our retention of jurisdiction on direct review. The issue is rather the correctness or incorrectness of the order and judgment of the trial court. Of this we have no jurisdiction on direct appeal. The cause is therefore transferred to the Appellate Court for the Second District.