Wayne White, Administrator of Estate of Edward Keith White, Deceased, Plaintiff-Appellant, v. City of Centralia, Illinois, a Municipal Corporation, Defendant-Appellee, and Robert C. Reynolds, Defendant.

Term No. 55-O-14.

Fourth District.

February 1, 1956.

Released for publication February 23, 1956.

Listeman & Bandy, of East St. Louis, and House & House, of Nashville, for appellant.

Wham & Wham, and Harold H. Pennock, Jr., all of Centralia, for defendant-appellee.

JUSTICE CULBERTSON delivered the opinion of the court.

The present action comes before us as the result of a motion to dismiss an amended complaint filed by plaintiff, Wayne White, Administrator of the Estate of Edward Keith White, deceased, as against the City of Centralia, Illinois, as defendant; and another defendant, Robert C. Reynolds, who does not appeal.

The amended complaint charged that the defendant City, a municipal corporation, owned a tract of land upon which was located a reservoir, known as Raccoon Lake, as part of its water supply system; and also had a public park adjacent thereto which was used as a public playground and recreation area. It also alleged that the defendant City, prior to the death of plaintiff's intestate, leased a portion of the premises located on the banks of the lake to defendant, Robert C. Reynolds; and that the leased premises were operated by Reynolds as lessee; and that upon the leased premises he kept a number of his own rowboats for boating and fishing upon the lake. There was an allegation that under a City ordinance the defendant City

reserved the right to control the lake and boating, pursuant to the provisions of the ordinance.

The amended complaint alleged that the plaintiff's intestate, a boy of eleven years of age, together with other boys of his own age, went to the park and the leased premises and were lured by childish curiosity to the water and the boats of defendant Reynolds. There was a further allegation that plaintiff's intestate took one of the boats, which was dilapidated and out of repair, and caused it to be moved onto the waters of the lake, where the boat filled and the boy was drowned. Action was instituted as against Reynolds and the defendant City under the Wrongful Death Act, for the sum of $20,000.

It is plaintiff's theory of liability that the City knew or by the exercise of reasonable care should have known that many of defendant Reynolds' boats were dilapidated, dangerous, and unfit; and that children of tender years played with and used the boats; and that defendant City negligently and carelessly permitted the boats to remain on the lake, untied and unfastened, so as to be easily put into the lake by children; and negligently and carelessly failed to take any reasonable steps to prevent the use of the boats by children or to protect the boats so that children could not use them.

In the motion to dismiss the amended complaint filed by the City, the legal sufficiency of the amended complaint to state a cause of action is raised. The Court below allowed the motion to dismiss the appeal as to the City, and plaintiff appeals from such order as a final appealable judgment (Moore v. Moyle, 405 Ill. 555).

The plaintiff's theory on appeal in this Court is, (1) that the City was not acting in a governmental capacity, but in a business or proprietary capacity, and had the same duties and obligations as an individual or business corporation; (2) that the City, although

leasing the premises in question, retained such control as to be liable for the negligence which caused the death; and (3) that the amended complaint stated a cause of action.

The City, in answer to such contentions, points out that the motion to dismiss was properly granted for the reason that, (1) the facts alleged in the amended complaint did not establish a civil duty owing to plaintiff from defendant City to do any of the specific things alleged in the amended complaint (prevent the boat from remaining on the bank of the lake untied or unfastened, or take steps to prevent the use of the boat by the boy, or protect the boat so that it could not be used by the boy); (2) that the enactment of the civil ordinance was an exercise of the City's police powers, and any alleged failure to enforce the provisions or the exercise of any powers thereunder comes within the governmental immunity of the City from which no civil duty to plaintiff's intestate can arise and no civil liability could result under the law of Illinois; (3) that the ordinance referred to contained no enforcible provisions reserving to the City the control of boats with respect to the physical condition, mooring, fastening, docking, or storage of boats and that, therefore, the City could not be liable for acts of negligence referred to in the amended complaint; (4) that the boy was drowned while engaged in recreation upon the city lake, and the defendant City is not subject to liability therefor, inasmuch as it was engaged in its governmental capacity in allowing the property and lake to be used for recreational purposes as contrasted with the business operation of selling water through the water and distribution system; and (5) that the defendant City did not maintain an attractive nuisance upon its property, or a dangerous condition upon which recovery could be had.

It is apparent that a defendant City when owning and operating a water system and selling

water to individuals is engaged in the business or proprietary capacity and not in a governmental capacity, but it is also clear that the City may act in a dual capacity, one proprietary and the other governmental, and when acting in its governmental capacity cannot be held liable for negligence (Eastern Illinois State Normal School v. City of Charleston, 271 Ill. 602, 605). The establishment and maintenance of recreational grounds, swimming pools, etc., by a municipality constitutes the performance of a governmental function (Gebhardt v. Village of LaGrange Park, 354 Ill. 234, 238–239; Prickett, Adm'r v. City of Hillsboro, 323 Ill. App. 235, 248–249). It is thus apparent under the allegations in the amended complaint that the City of Centralia was not engaged in its proprietary capacity in allowing its lessee, defendant Reynolds, and others, to keep and use boats on the lake for recreational purposes (Blackaby v. City of Lewistown, 265 Ill. App. 63).

The amended complaint under the record was required to set forth sufficient facts to establish a duty on part of the defendant City owing to the plaintiff. The amended complaint in the instant case refers to the existence of an ordinance in which the City "purportedly reserved the right to control the lake and boating." The ordinance referred to sets forth numerous restrictions and prescribes regulations and makes prohibitions upon certain activity in and around the reservoir and generally covers the use of the reservoir and adjoining land. It is an ordinance enacted under the police powers of the City (Culver v. City of Streator, 130 Ill. 238, 243). It contains restrictions as to building a structure to be located within a certain zone; prohibits maintenance of slaughter houses; prohibits pollution of water; prohibits the use of firearms; prohibits the cutting of ice; and deals with various other items of a similar character.

487

One section of the ordinance deals with boating and, among other things, restricts the permissible horsepower of motor boats, and sets forth numerous restrictions on boating; requires a license for each boat; prohibits operation of motor boats without mufflers; prescribes speed regulations; prescribes steering and sailing rules; and prohibits pollution of water by persons operating boats. Other sections provide for appointment of police officers and cloaks them with powers and duties to enforce the provisions of the ordinance, and likewise, provides that all violations are misdemeanors and prescribes fines and punishments.

Nowhere in the ordinance does any provision imply that the City Council intended to expand the civil liability of the City, and if any of the enforcement officers, under the terms of the ordinance, could have required Reynolds to properly moor his boats, any failure to do so is simply a failure to enforce the police powers and would not render the City civilly liable to the plaintiff. The ordinance, in fact, does not authorize any of the City agents or police authorities to take action with respect to the boats, their protection or manner of mooring, or set up any requirements that boat owners tie or locate their boats, or keep them in a particular condition. We cannot read into an ordinance a foundation for liability, and under the facts, the amended complaint fails to state a civil duty owing to plaintiff's intestate which was violated by the City. It is apparent therefore that no act or omission charged against the City in the amended complaint constitutes actionable negligence on part of the City.

The motion to dismiss the amended complaint was, therefore, properly allowed, and should be affirmed.

Judgment affirmed.

BARDENS, P. J. and SCHEINEMAN, J., concur.