22341.   MOREHOUSE COLLEGE et al. v. RUSSELL.

ARGUED JANUARY 15, 1964—DECIDED FEBRUARY 18, 1964—REHEARING DENIED MARCH 5, 1964.

718

■

*Sam F. Lowe, Jr.,* for plaintiffs in error.

*Houston White, Beryl H. Weiner, John E. Hogg,* contra.

HEAD, Presiding Justice. ■ In *Morton v. Savannah Hospital,* 148 Ga. 438, 441 (96 SE 887), in answer to certified questions from the Court of Appeals, this court held in part: ". . . if one is received as a patient at a charitable hospital, is able to pay, and does pay for board, medical attention, and other services, and there is an injury on account of the carelessness, negligence, or incompetence of a nurse or servant of the institution, a petition alleging damages on account of injuries so arising is not subject to demurrer in so far as it seeks to recover from the institution and to subject to the judgment its funds derived strictly from such non-charitable pay patients, as stated above, although it be not alleged in the petition that in the selection of its employees the defendant failed to exercise ordinary care in ascertaining their competency. In so far as the petition seeks to recover and make subject to the judgment the funds in trust for charitable purposes, the petition is demurrable, unless it is alleged therein that in the selection of its employees the defendant failed to exercise ordinary care in ascertaining their

competency." It thus appears that it is the rule in Georgia that the funds in trust for charitable purposes are subject to a judgment against a charitable institution for what the Court of Appeals terms "administrative negligence", while only non-charitable assets are subject to a judgment for the negligence of a servant of the charitable institution under the doctrine of *respondeat superior*.

The first question of the Court of Appeals concerns that part of a petition which seeks to subject to the judgment only non-charitable assets of a charitable institution under the doctrine of *respondeat superior*, and inquires whether a described liability insurance policy owned by the institution is such a noncharitable asset as would support such a cause of action. This question has not been previously decided by this court. The Court of Appeals in *Cox v. DeJarnette*, 104 Ga. App. 664 (123 SE2d 16), decided the question in the affirmative. That case is not in conflict with *Arnold v. Walton*, 205 Ga. 606 (54 SE2d 424), referred to by the Court of Appeals in connection with its certified questions. In the *Arnold* case, supra, this court held that: "1. A county is not liable to suit for any cause of action unless made so by statute. 2. In the absence of a statutory provision to the contrary, a joint action against a tortfeasor and the tortfeasor's insurance carrier, for the purpose of 'fixing the liability' of the insurance carrier, is not maintainable." In the *Arnold* case it was held that the suit was in effect one against Crisp County as tortfeasor, and that it was not subject to suit in the action brought against it. That case is clearly distinguishable from one involving a charitable institution, which may be liable in a proper case for the negligence of its servants. The questions propounded by the Court of Appeals do not relate to a joint action against a tortfeasor and its insurance carrier.

There is little accord in the courts of different States on legal questions pertaining to the liability of charitable institutions in tort actions. It is our judgment that the opinion of the Court of Appeals in *Cox v. DeJarnette*, 104 Ga. App. 664, supra, presents the rule that should be applied in this State. Compare O'Connor v. Boulder Sanitarium Assn., 105 Colo. 259 (96 P2d 835, 133 ALR 819); Baptist Memorial Hospital v. Couillens, 176 Tenn.

300 (140 SW2d 1088). We answer the first question by the Court of Appeals in the affirmative.

■ In *Cox v. DeJarnette,* 104 Ga. App. 664, supra, (at page 673), the Court of Appeals held: "This case presents an unusual situation in our law in that it permits that the noncharitable asset, the liability insurance policy, be specifically alleged in the petition. In any other petition, except where especially authorized by statute, a reference to a liability insurance policy would be subject to demurrer, and upon proper motion made would require a recasting of the petition by a purging of the language from the pleading which refers to or is descriptive of the policy. . . . But where, as here, the existence of the cause of action is based upon, indeed is dependent upon, the liability policy as a noncharitable asset, it is essential that it be set forth in the petition. Under the exception to the charitable immunities doctrine which this case enunciates, namely, the existence of noncharitable assets without which the charity would be immune from tort liability, the then known noncharitable assets must be alleged in the petition in order to state a cause of action." We answer the second and third questions in the affirmative.

The fourth question pertains to an instance where a petition against a charitable institution alleges "administrative negligence" and negligence under the doctrine of *respondeat superior* in the same count, with no objection made by the defendant as to multifariousness, and asks if the described liability policy could be set out in the pleadings. We answer this question in the affirmative.

The questions certified by the Court of Appeals are all answered in the affirmative.

*Questions answered. All the Justices concur.*